IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
DROPBOX ACCOUNT
MICHAELJESSESHARP@GMAIL.COM
THAT IS STORED AT PREMISES
CONTROLLED BY DROPBOX, INC.

Case: 1:18–sc–00040
Assigned To : Magistrate Judge Robinson, Deborah A.
Assign. Date : 1/8/2018
Description: Search and Seizure Warrant

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ELISABETH MURTHA, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for

information associated with certain accounts that is stored at premises owned, maintained,

controlled, or operated by Dropbox, Inc., headquartered at 333 Brannan Street, San Francisco,

CA 94107.  The information to be searched is described in the following paragraphs and in

Attachment A.  This affidavit is made in support of an application for a search warrant under 18

U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Dropbox, Inc. to disclose to the

government records and other information in its possession pertaining to the subscriber or

customer associated with the accounts, including the contents of communications.

2.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have

been since November 18, 2016.  I am assigned to a criminal squad in the FBI New York Field

Office responsible for investigating, among other things, extraterritorial violent crime committed

by or against a U.S. National in a foreign country, including but not limited to crimes of

homicide, assault, kidnapping for ransom, and the conspiracy thereof.  In this capacity, I have

participated in searches, seizures, and arrests pursuant to a warrant; conducted interviews of witnesses; participated in surveillance; and participated in investigations that included the interception of wire and electronic communications, including social media and related content. Based on my training, education, and experience, I have become familiar with the manner in which electronic communications are used to convey personal, business, or sensitive information, as well as the various means and services utilized to transmit these communications.

3.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.    Based on my training and experience and the facts as set forth in this affidavit, a violation of 18 U.S.C. § 1116 has been committed by unknown persons in the Democratic Republic of Congo ("DRC") against Michael Jesse. Sharp, user of Dropbox, Inc. account michaeljessesharp@gmail.com and his colleague, Zaida Catalan.  There is also probable cause to search the information described in Attachment A for evidence of these crimes as described in Attachment B.

## PROBABLE CAUSE

5.    U.S. National Michael Jesse Sharp and dual Swedish-Chilean Citizen Zaida Catalan were employed by the United Nations ("UN") as members of the UN Group of Experts on the DRC ("GoE"), a six-person team sanctioned under UN Resolution 1533 to investigate and report on conflict dynamics and associated humanitarian issues in the DRC, including but not

2

limited to the use of child soldiers, illegal mining of natural resources, and assassinations and resultant mass graves.  The GoE is responsible for subsequently presenting their findings to the UN Security Council for further UN action in the DRC.  It was in this expert capacity that Mr. Sharp and Ms. Catalan were conducting a research mission to investigate growing regional conflict surrounding a group of tribal actors known as "Kamuina Nsapu", geographically located throughout the Kasai Region of the DRC.  Michael Sharp was also designated the "Coordinator" of the Group of Experts on the DRC and thus oversaw the team's overall work, schedules, logistics needs, and final products.

On March 12, 2017, Mr. Sharp and Ms. Catalan departed their hotel, the Woodland Guesthouse in Kananga, DRC at approximately 9:00 am en route to Tshimbulu, DRC in Kasai region to meet with local Kamuina Nsapu actors.  They departed with a translator and three motorbike drivers, all on motorbikes.  Mr. Sharp, Ms. Catalan, the translator and drivers were not seen or heard from again.  After an extensive search by UN ground forces, on March 27, 2017 the bodies of Michael Sharp and Zaida Catalan were found in a shallow grave a short distance from the road leading to Tshimbulu.  Both had been shot and perished from their wounds; Ms. Catalan had also been decapitated.  As of the date of this warrant, the three drivers and translator have not been found.  In April 2017, a cellphone video came to the attention of the FBI which showed Mr. Sharp and Ms. Catalan walking barefoot through the forest with what appears to be 12 unknown militants (purportedly Kamuina Nsapu); Mr. Sharp and Catalan are ordered to sit on the ground in a small clearing, and subsequently shot at close range with a shotgun.  Ms. Catalan is then beheaded.

In the course of the FBI investigation into this homicide, I collected Michael Sharp's personal laptop, which was found in his quarters at the Woodland Guesthouse and catalogued it as an evidence item in this case. After satisfying the requisite legal requirements and with the assistance of the FBI Computer Analysis Response Team I conducted a forensic examination on the contents of the laptop. During the course of my examination of the laptop, I have discovered the following:

a. Mr. Sharp communicated electronically using the personal email address michaeljessesharp@gmail.com. Mr. Sharp used this email address to communicate with, among others, his colleagues on the GoE and other experts and former colleagues concerning DRC-related matters.

b. Mr. Sharp maintained an account with Dropbox, Inc. and registered the email address michaeljessesharp@gmail.com with the account. Mr. Sharp used Dropbox to share and receive attachments with UN colleagues concerning his work in the DRC. Specifically, Ms. Catalan (user account zaida.catalan@gmail.com) sent an attachment via Dropbox on February 18, 2017 entitled "20170127 12115.m4a" to Mr. Sharp. Mr. Sharp and Ms. Catalan communicated electronically concerning the violence in the Kasai region and the Kamuina Nsapu between December 2017 and March 2017.

c. The GoE individuals did not permanently work and reside in the DRC during their mandate; rather, the experts would travel back and forth between their respective home countries and meet at designated times throughout the year for short stints of about 6-8 weeks. While Mr. Sharp lived in the United States, the other experts hailed from France, Italy, Sweden, and Switzerland, respectively. Consequently, as the Coordinator of the Group, Mr. Sharp communicated regularly via electronic means, to

include Dropbox, to the other five experts in between their time on the ground in the DRC, as well as organizers at UN Headquarters, located in New York City.

In the course of my investigation, not only have I seen numerous documents transmitted via Dropbox saved on Mr. Sharp's laptop computer, but I have communicated extensively with parties in-country employed by the UN and I have learned that Dropbox is a common method used by UN personnel to send sensitive documents to their colleagues, given significant security and cyber-security concerns in the DRC, a politically unstable, dangerous country in which anti-government sentiment is closely monitored.

Given that Michael Sharp communicated to his colleagues, including Zaida Catalan, via Dropbox, Inc. concerning DRC-related matters; and specifically, matters concerning Kamuina Nsapu militia, who were purportedly instrumental in the execution of the two experts; during the time period in which they were investigating atrocities committed by and against the Kamuina Nsapu, I have reason to believe that the information shared during that time between Mr. Sharp and his colleague, Ms. Catalan may provide valuable evidentiary information concerning their research in that region, including identifying key actors and/or specific dynamics on whom they may have shared information that may provide insight into their deaths.

On October 12, 2017 a Preservation Letter was sent via email from email address etmurtha@fbi.gov to email address legalcompliance@dropbox.com.

6.    Dropbox is a service that allows its users to store files on Dropbox's servers. Dropbox stores, processes, and transmits account users' files, messages, comments, and photos. According to Dropbox's privacy policy, at https://www.dropbox.com/privacy, Dropbox collects

and stores "the files you upload, download, or access with the Dropbox Service," and also

collects logs: "When you use the Service, we automatically record information from your

Device, its software, and your activity using the Services. This may include the Device's

Internet Protocol ("IP") address, browser type, the web page visited before you came to our

website, information you search for on our website, locale preferences, identification numbers

associated with your Devices, your mobile carrier, date and time stamps associated with

transactions, system configuration information, metadata concerning your files, and other

interactions with the Service". "Dropbox is a free service that lets you bring all your photos,

docs, and videos anywhere. This means that any file you save to your Dropbox will

automatically save to all your computers, phones and even the Dropbox website." As Dropbox

enables collaboration across multiple user accounts, Dropbox may also share and transmit

account user profile information, and collect information related to how you use Dropbox

services, such as actions taken in the user's account (such as sharing, editing, viewing, and

moving files and folders).

      7.     Dropbox, Inc. asks each of their subscribers to provide certain personal

identifying information when registering for a Dropbox account, including the subscriber's full

name, email address, phone number, physical address, telephone number, and payment

information, including a means and source of payment such as credit or bank account number

(for paying customers). Dropbox, Inc. typically retains certain transactional information about

the creation and use of each account on their systems. This information can include the date on

which the account was created, the length of service, records of log-in (i.e., session) times and

durations, the types of service utilized, the status of the account (including whether the account is

inactive or closed), the methods used to connect to the account, and other log files that reflect

usage of the account. In addition, providers often have records of the Internet Protocol address

("IP address") used to register the account and the IP addresses associated with particular logins

to the account. Because every device that connects to the Internet must use an IP address, IP

address information can help to identify which computers or other devices were used to access

the account.

8.      In some cases, account users will communicate directly with a provider about

issues relating to their account, such as technical problems, billing inquiries, or complaints from

other users. Providers typically retain records about such communications, including records of

contacts between the user and the provider's support services, as well records of any actions

taken by the provider or user as a result of the communications.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

9.      I anticipate executing this warrant under the Electronic Communications Privacy

Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant

to require Dropbox, Inc. to disclose to the government copies of the records and other

information (including the content of communications) particularly described in Section I of

Attachment B. Upon receipt of the information described in Section I of Attachment B,

government-authorized persons will review that information to locate the items described in

Section II of Attachment B.

## CONCLUSION

10.      Based on the forgoing, I request that the Court issue the proposed search warrant.

This Court has jurisdiction to issue the requested warrant because it is "a court of competent

jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. (18 U.S.C. § 2711(3)(A)(i))

11.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

Elisabeth T. Murtha
Special Agent
Federal Bureau of Investigation

**JAN 08 2018**

Subscribed and sworn to before me on _____, 201___

DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Dropbox, Inc. account held by user Michael Jesse Sharp, email address michaeljessesharp@gmail.com, that is owned, maintained, controlled, or operated by Dropbox, Inc. a company headquartered at 333 Brannan Street, San Francisco, CA, 94107.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Dropbox, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Dropbox, Inc., including any messages, records, files, logs, or information that have been deleted but are still available to Dropbox, Inc. or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox, Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      All content associated with the Dropbox User Account "Michael Jesse Sharp", email address michaeljessesharp@gmail.com, to include a complete reconstruction of the user's account;

b.      The following records or other information regarding the identification of the account: full name, physical address, telephone numbers and other identifiers, records of session times and durations, e-mail addresses provided during registration, methods of connecting, and log files;

c.      The types of service utilized by the user;

d.      All records or other information stored by an individual using the account, including collaborative projects, documents, and presentations; contact lists; and attachments sent and received by the user.

**II.      Information to be seized by the government**

All information described above in Section I that constitutes evidence and information that resulted in the violation of 18 U.S.C. 1116 involving unknown assailants in the DRC against victim Michael Jesse Sharp since December 1, 2016 to March 31, 2017 for the account or identifier listed on Attachment A, information pertaining to the following matters:

(a) This search warrant seeks a complete reconstruction of the user's account from December 1, 2016 to March 31, 2017. The scope of this search is to ascertain if any files shared, sent, or received by the account user Michael Jesse Sharp during the time period in which he was researching the region provide evidentiary or contextual information concerning persons, ways, means, and/or motives of those responsible for his death.

2

## **CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, _____, attest, under penalties of perjury under the

laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information

contained in this declaration is true and correct.  I am employed by Dropbox, Inc. and my official

title is _____.  I am a custodian of records for Dropbox, Inc. I state

that each of the records attached hereto is the original record or a true duplicate of the original

record in the custody of Dropbox, Inc. and that I am the custodian of the attached records

consisting of _____ (pages/CDs/kilobytes). I further state that:

      a.     all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth, by, or from information transmitted by, a person with

knowledge of those matters;

      b.     such records were kept in the ordinary course of a regularly conducted business

activity of Dropbox, Inc. and

      c.     such records were made by Dropbox, Inc. as a regular practice.

      I further state that this certification is intended to satisfy Rule 902(11) of the Federal

Rules of Evidence.


_____    _____

Date                                Signature